IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Wellness Brands, LLC, )<br> )<br>     Plaintiff, )<br> )<br> v. )<br> )<br>John Does 1-5 (fictitious), )<br> )<br>     Defendants. )<br> ) | Civil Action No. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Wellness Brands, LLC ("Wellness" or "Plaintiff"), by and through counsel, brings this Complaint against Defendants John Does 1 through 5 ("Does"), whose identities are presently unknown but who currently work or have worked on behalf of non-party Grabads Media, LLC ("Grabads").

Wellness is an e-commerce retailer that sells CBD products. Grabads is a performance marketing and full service digital agency that promises to connect retailers like Wellness with a "premium network" of "hand-picked" affiliate media buyers to generate "quality leads" and "maximize ROI" on the sale of its products. Facilitated by Grabads, the Does systematically defrauded Plaintiff and thousands of consumers through the deceptive and unfair practice of using stolen or fake credit card numbers and false customer information to make fraudulent purchases of Wellness' products.

Wellness contracted with Grabads for Grabads' affiliates (including the Does) to place ads for Wellness' CBD products on host sites. Each time a consumer clicked on a link in an ad published by Grabads' affiliates, the consumer would then be directed to Wellness' website. If

the consumer then purchased a product, Grabads would invoice Wellness for payment of a commission due as a result.  Unbeknownst to Wellness, however, the Does used stolen credit card information and false customer information to make fraudulent purchases of Wellness' products, posing as customers.

In late October and early November 2022, Wellness began to uncover the Does' fraudulent scheme when it identified a significant increase in its refunds, returns and chargebacks on Grabads' sales.  Wellness promptly investigated and determined that the increase in its refunds, returns and chargebacks were largely attributable to at least five (5) Grabads affiliates (Does 1-5).   Despite repeated demands by Wellness, Grabads has refused to disclose the identities of the Does.

## PARTIES

1. Plaintiff Wellness Brands, LLC is a limited liability company formed under the laws of the Commonwealth of Kentucky and with its principal place of business located at 10428 Bluegrass Parkway, Suite 568, Louisville, KY 40299.

2. Non-party Grabads is a limited liability company formed under the laws of the State of Florida and with its principal place of business located at 400 Dunbar Avenue, Oldsmar, FL 34677.

3. Defendant Does 1-5 currently work or have previously worked on behalf of Grabads as affiliates.  As described further herein, through its investigation, Wellness has been able to determine that a high percentage of Grabads' fraudulent sales of Wellness' products were attributable to at least five (5) Grabads affiliates (Does 1-5) who used stolen credit card numbers to then fraudulently pose as legitimate customers and purchase Wellness' products. Because Grabads has refused to disclose the identity of Does 1-5, Wellness now only knows them by the following affiliate identification numbers: 37979; 38448; 38449; 38452; and 38479.

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, Title 15, § 1125(a) and the laws of the State of Florida, including the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*, and Florida common law.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a) because this action involves one or more claims that arise under the laws of the United States and the state law claims are so related to the federal claims that they form part of the same case or controversy. On information and belief, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this action is between persons of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has specific personal jurisdiction over each Doe defendant because this action arises out of each Doe's extensive contacts with and within Florida, including by each of Doe's activities working with Grabads in Florida and entering into a contract with Grabads in Florida and which is governed by Florida law.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the Does regularly conduct business in this jurisdictional district.

## FACTUAL ALLEGATIONS

8. Wellness is an e-commerce retailer that sells CBD products.

9. Grabads is a performance marketing and full service digital agency that promises to connect retailers like Wellness with a "premium network" of "hand-picked" affiliate media buyers to generate "quality leads" and "maximize ROI" on the sale of its products.

10. On or about March 11, 2021, Grabads and Wellness entered into an Agreement and Insertion Order for Grabads to use its "premium network" of affiliates to advertise and promote

Wellness' CBD products in exchange for commissions on sales resulting from such advertising. *See* **Exhibit 1**.

11. Under the Agreement, Grabads' affiliates, including the Does, placed ads for Wellness' CBD products on host sites. When a customer clicks on an ad and purchases a product, it is called a "conversion." Grabads tracked the conversions resulting from its affiliates' advertising campaigns and then invoiced Wellness for payment of commissions due. Part of each commission paid by Wellness was presumably paid by Grabads to the Does. With each invoice, Grabads represented explicitly and implicitly that the invoice represented commissions due from purchases of Wellness' CBD products by actual customers.

12. Pursuant to paragraph 8 of the Agreement, Grabads represented and warranted that its delivery and performance of its advertising services would fully comply with all applicable laws, rules and regulations. *See id.* at ¶ 8.

13. Wellness had no visibility into the identity of Grabads' affiliates. Therefore, Wellness necessarily depended upon Grabads to police its affiliates to prevent affiliate fraud.

14. Affiliate fraud is false and unscrupulous activity used to generate unearned commissions from an affiliate marketing program, such as where affiliates use stolen credit card numbers to make fake purchases and generate commissions. *See* **Exhibit 2**, William Palmer, "What is Affiliate Fraud and How Can You Stop It? (2023)," *Affiliate WP*, available at https://affiliatewp.com/what-is-affiliate-fraud/ (last visited Mar. 7, 2023).

15. Affiliate fraud causes substantial harm to merchants like Wellness because not only do they pay a commission on the fraudulent sales, they also incur chargeback fees and other refund and processing costs, along with harm to their merchant processing accounts. *See* **Exhibit 3**, Nadia D., "10 Most Common Affiliate Marketing Scams + How to Avoid Them," *Hostinger Tutorials*,

available at https://www.hostinger.com/tutorials/affiliate-marketing-scams (last visited Mar. 7, 2023).

16. Over the course of the parties' relationship, Wellness paid Grabads in excess of Six Million Dollars ($6,000,000) in commissions on sales purportedly generated by Grabads. Beginning in late September 2022, however, the refund rate on Grabads' purported sales jumped to 34.19%. In October 2022, the refund rate jumped further still to 50.34%, requiring that Wellness pay out $452,000 in customer refunds on $899,000 in gross sales purportedly caused by Grabads. During the same time period, Wellness also experienced an extraordinarily high number of chargebacks as well over 1,000 products returned with the package marked "return to sender" by either the U.S. Postal Service or the package recipient. The dramatic increase in refunds and chargebacks on Grabads' sales caused Wellness' merchant processors to terminate Wellness' merchant processing accounts and to terminate Wellness' ability to rebill customers for subscriptions.

17. On November 4, 2022, Wellness notified Grabads that it was experiencing a substantial increase in refunds and chargebacks on Grabads' purported sales and that it suspected fraud: "I have some bad news. We are still investigating, but we have over 1k packages 'return to sender' on new sales from 10/1-10/15 and they just keep coming in. This is in addition to refunds and chargebacks received already. 4 of our mids are asking for explanations, letters, or have paused. Fraud team is going crazy right now. Our ability to rebill on these corps is flying out the window. We need to [sic] some time to figure out what has happened and how we are going to pay you amounts owed. You want our lawyer to respond?" Grabads did not respond.

18. Wellness promptly investigated the refunds, chargebacks, and product returns, including by telephoning customers. Wellness' investigation determined that a high percentage of

Grabads' purported sales were fraudulent in that the customers listed did not actually order the products. Wellness determined that the refunds, chargebacks, and product returns were largely attributable to at least five (5) Grabads affiliates (Defendant Does 1-5) who used stolen credit card numbers to then fraudulently pose as legitimate customers and purchase Wellness' products in order to generate a commission.

19.     Despite repeated requests, Grabads has refused to disclose to Wellness any information about its affiliates, including Defendant Does 1-5, or any Grabads' investigation into its affiliates and/or Does 1-5.

20.     As a direct and proximate result of the Does' fraudulent and unfair and/or deceptive acts and practices; common law fraud; and unfair competition in violation of § 1125(a) of the Lanham Act, Wellness has suffered significant damages and losses, including financial losses due to an extraordinarily high number of refunds, chargebacks, and product returns, as well as increased chargeback fees, increased merchant processing charges, loss of merchant processing accounts, and harm to business reputation.

## COUNT I
### Violation of the Florida Deceptive and Unfair Trade Practices Act

21.     Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1 through 20.

22.     The Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") is "construed liberally to promote" the protection of consumers and businesses from "unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

23.     Wellness is a "consumer" within the definition provided in Fla. Stat. § 501.203(7).

24.     The Does are engaged in trade or commerce within the definition provided in Fla.

Stat. § 501.203(8) because they are engaged in the advertising, soliciting, providing, offering or distributing of goods or services.

25. For the benefit of themselves and Grabads, the Does used fake or stolen credit card numbers and customer information to generate fake sales of Wellness' products.

26. The Does then fraudulently received commissions paid by Wellness on such fake sales, which is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Wellness.

27. The Does' conduct in using fake or stolen credit card numbers to generate false sales of Wellness' products, and then demanding payment of commissions from Wellness on such fake sales, is a representation, omission, or practice likely to mislead Wellness, who at all relevant times acted reasonably in the circumstances to its ultimate detriment.

28. The Does directly participated in the unfair practices and/or unfair deceptive acts when they used stolen or fake credit card numbers and customer information to create fake sales of Wellness' products, knowing that Wellness would then incur costs and ship products that had not been legitimately purchased.

29. The Does knew or should have known that their conduct was unfair, unconscionable and/or deceptive in violation of the FDUPTA.

30. The Does' unfair practices and/or deceptive acts were the direct and proximate cause of Wellness' actual damages.

31. As a result of the Does' unfair practices and/or deceptive acts, Wellness has sustained actual damages.

## COUNT II
### Common Law Fraud

32. Plaintiff hereby incorporates by reference the factual allegations contained in

paragraphs 1 through 20.

33. The Does engaged in fraud and created false or fraudulent sales of Wellness' products by using fake or stolen credit card numbers and false customer information to purchase Wellness' products through Grabads' campaigns.

34. By the acts and omissions set forth above, the Does knowingly made false statements of material fact with the intent to deceive and defraud Wellness and to induce Wellness to rely on their statements and thereby incur costs and ship products that had not been legitimately purchased.

35. At the time that Grabads submitted invoices for payment to Wellness, Wellness was ignorant of the falsity of the Does' actions and statements and reasonably relied on Grabads' and the Does' statements, based on the reasonable belief that the Does had actually and legally generated sales of Wellness' products.

36. At all times, the Does knew that they were deceiving Wellness and acted with actual malice and with the specific intent of deceiving Wellness.

37. As a direct and proximate result of the Does' fraud, Wellness has sustained actual damages.

38. The Does' fraud was willful, wanton, calculated to deceive, and undertaken in bad faith, warranting an award of exemplary and punitive damages.

## COUNT III
### Unfair Competition Under § 1125(a) of the Lanham Act

39. Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1 through 20.

40. By the acts and omissions set forth above, including by fraudulently and falsely using fake or stolen credit card numbers and false customer information to create fraudulent sales

8

of Wellness' products, the Does committed unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

41. In connection with commercial advertising or promotion of their services, the Does used in commerce a word, term, name, symbol or device of any combination thereof, or a false designation of original, false or misleading description of fact, or false or misleading representation of fact to misrepresent the nature, characteristics, qualities, or geographic origin of alleged services they provided and/or sales of Wellness' products or other commercial activities.

42. The misrepresentations by the Does were material, were likely to deceive, and actually did deceive Wellness in that they influenced Wellness to incur costs and ship products that had not been legitimately purchased.

43. The Does placed their false statements in interstate commerce by making online purchases of Wellness' products using stolen or fake credit card numbers and customer information, and then receiving payment for their fraudulent sales.

44. As a direct and proximate result of their violation of the Lanham Act, 15 U.S.C. § 1125(a), the Does caused Wellness actual damages in an amount in excess of $75,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Wellness Brands, LLC prays that the Court enter an award in its favor and against Defendants John Does 1-5 for compensatory damages, restitution, pre-judgment interest, post-judgment interest, attorneys' fees, costs, declaratory relief, exemplary and punitive damages and such other and further relief as justice may require.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: March <u>10</u>, 2023

Respectfully submitted,

Gordon Rees Scully Mansukhani LLP
*Attorneys for Plaintiff*
100 S. Ashley Drive
Suite 1290
Tampa, FL 33602
Telephone No.: (813) 444-9700

*/s/ Robert K. Tucker II*
Robert K. Tucker, II (Fla. Bar No. 51641)
Email: rtucker@grsm.com