UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WELLNESS BRANDS, LLC,

      Plaintiff,

v.                                        Case No: 8:23-cv-543-CEH-JSS

JOHN DOE 1, JOHN DOE 2, JOHN
DOE 3, JOHN DOE 4 and JOHN DOE
5,

      Defendants.
_____/

## ORDER

Non-Party GrabAds Media, LLC (GrabAds) moves to quash a subpoena served on it by Plaintiff and for a protective order, pursuant to Federal Rules of Civil Procedure 26 and 45. (Motion, Dkt. 12.) Plaintiff opposes the Motion. (Dkt. 13.) The court held a hearing on the Motion on May 2, 2023. For the reasons set forth below, the Motion (Dkt. 12) is **DENIED**.

## BACKGROUND

On March 10, 2023, Plaintiff filed a complaint alleging violation of the Florida Unfair and Deceptive Trade Practices Act, Fla Stat. §§ 501.201–213, common law fraud, and violation of the Lanham Act, 15 U.S.C. § 1125, against unnamed Defendants for perpetrating a fraudulent scheme to create fraudulent and false sales of Plaintiff's products using stolen or fake credit card numbers. (Dkt. 1.) Plaintiff has identified the unnamed Defendants only through their affiliated numbers linked to

GrabAds, which connects retailers like Plaintiff, who is an e-commerce retailer that sells CBD products, to "a premium network of 'hand-picked' affiliate media buyers to generate 'quality leads' and 'maximize ROI' on the sale of its products. (Dkt. 1 at 1.) Plaintiff sought leave to take discovery prior to the Rule 26(f) conference to serve a third-party subpoena on GrabAds for the purpose of learning Defendants' true identities. (Dkt. 3.) After finding good cause, the court granted Plaintiff leave to serve its subpoena on GrabAds, and in doing so, narrowed Plaintiff's requests to the following:

1. Your contracts with DOES 1–5, i.e., the persons identified in the Complaint filed in this action that served as affiliates of GrabAds Media, LLC and were identified by the following numbers: 37979, 38448, 38452, and 38479.

2. All documents sufficient to show the identity of DOES 1–5, including the name, address, telephone number, email address, and other social messaging contact information (e.g., Skype, Telegram, Slack, Facebook, LinkedIn, etc.).

(Dkt. 7.)

On March 22, 2023, Plaintiff filed its notice of a related action pursuant to Middle District of Florida Local Rule 1.07(c). (Dkt. 10.) Plaintiff listed the following related action in the notice, *GrabAds Media, LLC v. Brent Garr and Wellness Brands LLC*, American Arbitration Association No. 01-22-0004-9531. (*Id.*) According to Plaintiff and GrabAds, the arbitration involves claims similar to those raised in this action but does not include Defendants, since they were not signatories to the Master Service Agreement (MSA) that requires Plaintiff and GrabAds to arbitrate any disputes related to it. (Dkt. 12 at 6–7; Dkt. 12-1 at 6; Dkt. 13 at 7–8; Dkt. 14 at 8.)

GrabAds now seeks to quash the subpoena and requests a protective order preventing Plaintiff from obtaining the above-mentioned discovery from GrabAds. (Dkt. 12.) Specifically, GrabAds argues that because Plaintiff and GrabAds are parties to an arbitration which involves similar claims and facts, the subpoena should be quashed and a protective order should issue. (*Id.*) Moreover, GrabAds takes the position that this case should be stayed pending the arbitration between it and Plaintiff.

## APPLICABLE STANDARDS

The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In determining whether to allow discovery, courts consider the following factors: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Through the Federal Rules of Civil Procedure, a party may subpoena documents or information from a non-party to litigation. Rule 45 of the Federal Rules of Civil Procedure sets out several mandatory and discretionary grounds on which a court may quash a subpoena. *See* Fed. R. Civ. P. 45(d)(1), (3). A court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if

- 3 -

no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).  Alternatively, a court may quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." *Id.* at 45(d)(3)(B)(i). "As to the provision of Rule 45 permitting the quashing of a subpoena that seeks to disclose trade secrets and other confidential information—Rule 45(d)(3)(B)(i)—courts weigh the claim to privacy against the need for disclosure." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1335 (11th Cir. 2020) (internal quotation marks and citation omitted).

Additionally, a protective order may be issued for good cause to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, by forbidding the discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.  Fed. R. Civ. P. 26(c)(1)(A), (D).  The party seeking a protective order has the burden of demonstrating good cause.  *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005). "'Good cause' is a well established legal phrase.  Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action."  *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

## DISCUSSION

In this case, GrabAds argues that Plaintiff's subpoena should be quashed since "the Subpoena improperly seeks the discovery of highly confidential, proprietary commercial information: the identity of the Publishers within GrabAds' network and its contracts with these Publishers." (Dkt. 12 at 4.)  Specifically, GrabAds argues that

the "Publishers' identities are protected commercial information because the disclosure of such information will unfairly harm GrabAds' ability to compete in the marketplace." (*Id.* at 9.)  In response, Plaintiff argues that it has a legal right to pursue its claims against the John Doe Defendants since they are not signatories to the arbitration agreement and it needs to know their identities to do so.  (Dkt. 14 at 9.)

Upon consideration, the court finds GrabAds's contentions to be without merit. As previously discussed in the order granting Plaintiff expedited discovery, the information sought through the issuance of the subpoena is relevant. (Dkt. 7.)  Indeed, without the requested information, Plaintiff is unable to properly name the John Doe Defendants in this action.  *See Media Malibu, LLC v. John Does 1-25*, No. 2:12-cv-266-FtM-29DNF, 2012 WL 3940142, at *6 (M.D. Fla. Aug. 21, 2012), *report and recommendation adopted,* 2012 WL 3941770 (M.D. Fla. Sept. 10, 2012) (finding the identities of the Doe defendants to be relevant and noting that plaintiff had no other means to discover the identities absent serving a non-party subpoena on those who possessed the essential information needed to prosecute the case).  As such, the court finds that the subpoena is proper under Rule 26 and Rule 45 in that the evidence it seeks is not only relevant, but necessary for this case to proceed.  *See United Techs. Corp. v. Mazer*, No. 05-80980-CIV, 2007 WL 788877, at *1 (S.D. Fla. Mar. 14, 2007) (when subpoenaed party shows that requested information is confidential and that disclosure might be harmful, the party seeking discovery must show that the information is not only relevant, but also necessary to its case).

To the extent GrabAds argues that the information requested is protected commercial information because it is not available to the public, the court finds that GrabAds's interest in maintaining the secrecy of its independent contractors' identities to be outweighed by Plaintiff's substantial need for this information to pursue its claims in this matter. *See Eastwood Enters., LLC v. Farha*, No. 8:07-cv-1940-T-33EAJ, 2010 WL 11508180, at *4 (M.D. Fla. Apr. 26, 2010) (noting that even if the non-party's business information were considered trade secrets or commercial information, the party subpoenaing the information "demonstrated a substantial need for the information that [could not] be otherwise met without undue hardship"); *see also Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (listing "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the subject to the subpoena" as "factors required to be balanced by the trial court in determining the propriety of a subpoena").

As to GrabAds's contention that this court should stay this action in light of the pending arbitration, that contention is without merit. The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, generally governs the validity and enforcement of arbitration agreements. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). The FAA codifies a "strong federal preference for arbitration of disputes." *Musnick v. King Motor Co.*, 325 F.3d 1255, 1258 (11th Cir. 2003). In doing so, the FAA places "arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 63 (2010) (internal citations omitted).

Section 4 of the FAA grants district courts the authority to compel arbitration "upon being satisfied that the making of the agreement or the failure to comply therewith is not an issue." 9 U.S.C. § 4. Because arbitration "is a matter of contract," "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002) (quoting *AT & T Techs., Inc. v. Commc'n*, 475 U.S. 643, 648 (1986)). Therefore, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

Here, as discussed at the hearing, and which is evident from GrabAds's status as a non-party, GrabAds is not a party to this action between Plaintiff and GrabAds's publishers/affiliates, John Does 1-5. Conversely, John Does 1-5 are not parties to the arbitration between Plaintiff and GrabAds. As such, the court declines at this juncture to *sua sponte* stay this matter. *See Ivax Corp.*, 286 F.3d at 1315.

GrabAds also argues that the court should *sua sponte* stay this action because "[t]he central question to both actions is whether GrabAds and the Publishers committed fraud when they rendered services to Wellness." (*Id.* at 6–7.) Specifically, GrabAds contends that "if Wellness fails to prove fraud in the arbitration, it will be precluded from prosecuting this lawsuit against the John Doe Defendants" pursuant to the doctrine of collateral estoppel. (*Id.* at 7.)

This contention is also without merit. To the extent GrabAds argues that the potential preclusive effect of the arbitration on Plaintiff's claims against the John Doe

Defendants should form the basis to quash the subpoena, the court finds this argument to be misplaced and based on speculation.  First, GrabAds has not cited authority to support its contention that a possible future arbitration ruling has collateral estoppel effects.  Second, as discussed above, this matter cannot proceed without the identity of the John Doe Defendants.  *See Media Malibu, LLC*, 2012 WL 3940142, at *6 (noting that plaintiff had no other means to discover the identities absent serving a non-party subpoena on those who possessed the essential information needed to prosecute the case).  Indeed, the John Doe Defendants are not parties to the arbitration agreement, have not yet agreed to be part of the arbitration, and are facing additional claims that are not present in the arbitration.  Lastly, Plaintiff has demonstrated good cause and substantial need for the John Doe Defendants' identities to pursue its non-arbitrable claims against them.

Accordingly, Non-Party, GrabAds Media, LLC's, Motion to Quash Plaintiff's Subpoena and Motion for Protective Order (Dkt. 12) is **DENIED**.  GrabAds shall produce responsive information related to Plaintiff's requests within 14 days of the date of this Order.

**ORDERED** in Tampa, Florida, on May 5, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Counsel for Non-Party GrabAds Media, LLC