UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WELLNESS BRANDS, LLC,

    Plaintiff,

v.

JOHN DOES 1-5 (fictitious),

    Defendants.
_____/

CASE NO.: 8:23-cv-00543-CEH-JSS

**WELLNESS BRANDS, LLC'S OPPOSITION TO NON-PARTY'S OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER**

Plaintiff, Wellness Brands, LLC ("Wellness"), by counsel, hereby opposes GrabAds Media, LLC's ("GrabAds") Objections to the Magistrate Judge's May 5, 2023 Order Denying Motion to Quash Subpoena and Motion for Protective Order (the "Objections") (Dkt. No. 23).

## I. INTRODUCTION

GrabAds, an advertising services business, is not a party to this action. It contracted to provide advertising services for Wellness, an e-commerce retailer. After Wellness paid GrabAds over $6 million dollars, GrabAds' independent contractors then defrauded Wellness by using stolen credit card numbers and fraudulently posing as consumers to make bogus purchases from Wellness' website. Wellness has sued the independent contractors but does not know their identities to name and serve them because GrabAds has refused to share the information. On May 5, 2023, Judge Sneed

ordered GrabAds to disclose the identity of its independent contractors. GrabAds has not complied and instead has objected.

This is GrabAds' latest attempt to withhold the identity of its independent contractors and prevent Wellness from naming them as the John Doe Defendants in this action. The Court twice determined that Wellness' subpoena for this information was proper, first in granting Wellness expedited discovery on March 13, 2023 and then in denying GrabAd's motion to quash the subpoena and for a protective order. In her most recent May 5, 2023 Order, Judge Sneed found that Wellness had good cause for its subpoena, that the subpoena is neither burdensome nor implicates any legitimate confidentiality concerns, and that the existence of an arbitration between GrabAds and Wellness is not a basis to stay this action or quash or limit the subpoena. Judge Sneed ordered GrabAds to comply by May 19, 2023.

With its Objections, GrabAds does not even cite Rules 26 or 45 or address the legal standard for deciding motions to quash or for a protective order. Instead, GrabAds challenges Judge Sneed's denial of its suggestion that the Court may *sua sponte* stay the action because Wellness and GrabAds are parties to an arbitration. Because GrabAds lacks standing to stay an action where it is not a party and because its Objections are meritless in any event, the Court should overrule the Objections and order GrabAds to comply immediately with Judge Sneed's May 5, 2023 Order.

## II. BACKGROUND

The relevant background is well stated in Judge Sneed's May 5, 2023 Order. Dkt. No. 22. In short, Wellness is an e-commerce retailer that contracted with

GrabAds to have its affiliates advertise Wellness' products online in exchange for commissions. *Id.* at 2. Unbeknownst to Wellness, GrabAds' affiliates used stolen credit card numbers and posed as consumers to make fake purchases of Wellness' products causing a massive increase in Wellness' customer refunds and chargebacks. Compl. (Dkt. No. 1), ¶ 16. On March 10, 2023, Wellness filed a complaint against unnamed defendants for perpetrating this fraudulent scheme. Dkt. No. 1. Because GrabAds refused (and still refuses) to disclose the identities of its affiliates, Wellness has only been able to identify the John Doe Defendants by affiliate numbers linked to GrabAds. Dkt. No. 22 at 2-3.

On March 10, 2023, Wellness moved to take expedited discovery prior to a Rule 26(f) conference to obtain information about the John Doe Defendants and thereby name and serve them. Dkt. No. 3. By Order dated March 13, 2023, Judge Sneed granted leave to serve the subpoena to GrabAds seeking:

> 1.   Your contracts with DOES 1-5, i.e., the persons identified in the Complaint filed in this action that served as affiliates of Grabads Media, LLC and were identified by the following number: 27979, 38448, 38452, and 38479.
>
> 2.   All documents sufficient to show the identity of DOES 1-5, including the name, address, telephone number, email address, and other social messaging contact information (e.g., Skype, Telegram, Slack, Facebook, LinkedIn, etc.).

Dkt. No. 7. Despite service on GrabAds' counsel by email on March 13, 2023 and formal service on March 20, 2023, GrabAds produced nothing and instead filed its motion to quash and for protective order on March 30, 2023. Dkt. No. 12. On May

2, 2023, Judge Sneed heard argument for over forty-five minutes, asked extensive and thoughtful questions, and took GrabAds' motion under advisement. Dkt. No. 20.

By May 5, 2023 Order, Judge Sneed denied GrabAds' motion. Dkt. No. 22. Judge Sneed correctly held that "the subpoena is proper under Rule 26 and Rule 45 in that the evidence it seeks is not only relevant, but necessary for this case to proceed." Dkt. No. 22 at 5. Judge Sneed held that Wellness demonstrated good cause and that any interest GrabAds had in maintaining the secrecy of its affiliate marketers' identities was outweighed by Wellness' substantial need for the information because the action cannot proceed without the identity of the John Doe Defendants. *Id.* at 6. Judge Sneed further held that the arbitration was no basis to stay the action or quash the subpoena, especially since the John Doe Defendants are not parties to the arbitration and may have no interest in arbitrating the claims against them. *Id.* at 7-8.

Although Judge Sneed's May 5, 2023 Order directed GrabAds to comply by May 19, 2023, GrabAds did not and did not obtain a stay excusing compliance. On May 19, 2023, GrabAds instead filed Objections, which are directed only at Judge Sneed's decision not to stay the action. Dkt. No. 23 at 2 ("The following arguments explain how the Magistrate failed to apply the correct criterial for staying a lawsuit pending a related arbitration."). Among many problems, GrabAds' Objections overlook the fact that it did not actually move to stay the action and that GrabAds would also have no standing to make any such motion.

## III.   ARGUMENT

### A.   Standard of Review

A magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery.  *Bales v. Bright Solar Marketing LLC*, 2023 WL 2553953, *1 (M.D. Fla. March 17, 2023).  To prevail, GrabAds must establish that the conclusions to which it objects in the Order are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Bales v. Bright Solar Marketing LLC*, 2023 WL 2553953, *1 (M.D. Fla. March 17, 2023) (citing *Traylor v. Howard*, 433 F. App'x 835, 836 (11th Cir. 2011); *Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs.*, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000) ("The standard for overturning a Magistrate Judge's Order is a very difficult one to meet.")).  "Clear error is a highly deferential standard of review" established only where the reviewing court has "the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005).

"[A]n objection to [a magistrate judge's order on a non-dispositive matter] does not stay the order or relieve the party of the obligation to comply with the order."  *See TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) ("'[B]ecause plaintiffs' objections did not operate to stay the magistrate judge's binding orders, plaintiff were obligated to file timely responses to the discovery requests, which they failed to do.'") (citing cases); 12 Charles Alan Wright, et al., Fed. Prac. & Proc. Civ. § 3069 (2d ed.) ("[A] timely objection does not automatically render the magistrate judge's ruling invalid until the district court acts on the objection.");

5

*Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1448 (11th Cir. 1985) (failure to comply with discovery order absent a stay justified Rule 37 sanctions).

### B. Non-Party GrabAds Has Waived Any Arguments As To Denial Of Its Motion to Quash Or For A Protective Order

Judge Sneed properly applied Rules 26 and 45 and established controlling law in holding that Wellness demonstrated good cause and substantial need for the subpoena and thus denying GrabAds' motion. Dkt. No. 22. GrabAds' Objections do not object to these rulings, say nothing about good cause or substantial need, and do not even cite Rule 26 or Rule 45 at all. GrabAds has thus waived any appeal of Judge Sneed's denial of its motion to quash and for a protective order. *See* Dkt. No. 23; *see also United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("a party that wishes to preserve its objections must . . . pinpoint the specific findings that the party disagrees with."). To the extent GrabAds purports to incorporate its original motion and any arguments there as to Rule 26 and 45, good cause, or substantial need, GrabAds' Objections do not preserve the arguments.

### C. Non-Party GrabAds Did Not Move To Stay The Action And Would Have No Standing To Do So.

Instead of saying a word about Rules 26 or 45, the scope of the subpoena, or anything about good cause or substantial need, GrabAds now complains that Judge Sneed should have stayed the action pending the outcome of the arbitration proceeding between it and Wellness. Dkt. No. 23 at 2-7. However, in its original motion, GrabAds did not move to stay the action but asserted that "[t]he Court has ample authority to *sua sponte* stay this action pending the outcome of the AAA arbitration."

Dkt. No. 12 at 4.  With its Objections, GrabAds now completely overlooks the fact that it did not move to stay and the fact that it has no standing to do so.  *See Cribb v. BR Mountain Homes, LLC*, 2017 WL 10574071, at *2 (N.D. Ga. Aug. 3, 2017) (collecting cases) ("Simply put, non-parties are not contemplated in the filing of motions to stay proceedings in a case. They lack standing to do so.").  Because GrabAds neither moved for a stay nor has standing to move for a stay, its objection that Judge Sneed should have nevertheless granted a motion to stay (that was not even made) has no merit.

      **D.**     **Non-Party GrabAds Cannot Establish Clear Error.**

GrabAds further distorts Judge Sneed's May 5, 2023 Order in an effort to criticize it.  GrabAds is wrong that Judge Sneed mistakenly focused on the criteria for compelling arbitration rather than the criteria for staying the lawsuit.  Dkt. No. 23 at 2-4.  Rather, it is GrabAds that mistakenly ignored the reality that the John Doe Defendants are not parties to the arbitration and may have no interest in participating in the arbitration.

Because GrabAds' Objections do not fairly describe Judge Sneed's analysis on the issue, Wellness presents it below:

> As to GrabAds's contention that this court should stay this action in light of the pending arbitration, that contention is without merit.  The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, generally governs the validity and enforcement of arbitration agreements.  *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005).  The FAA codifies a "strong federal preference for arbitration of disputes." *Musnick v. King Motor Co.*, 325 F.3d 1255, 1258 (11th Cir. 2003).  In doing so, the FAA places "arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent–A–*

*Center, W., Inc. v. Jackson*, 561 U.S. 63, 63 (2010) (internal citations omitted).

Section 4 of the FAA grants district courts the authority to compel arbitration "upon being satisfied that the making of the agreement or the failure to comply therewith is not an issue." 9 U.S.C. § 4. Because arbitration "is a matter of contract," "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002) (quoting *AT & T Techs., Inc. v. Commch*, 475 U.S. 643, 648 (1986)). Therefore, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

Here, as discussed at the hearing, and which is evident from GrabAds's status as a non-party, GrabAds is not a party to this action between Plaintiff and GrabAds's publishers/affiliates, John Does 1-5. Conversely, John Does 1-5 are not parties to the arbitration between Plaintiff and GrabAds. As such, the court declines at this juncture to *sua sponte* stay this matter. *See Ivax Corp.*, 286 F.3d at 1315.

GrabAds also argues that the court should *sua sponte* stay this action because '[t]he central question to both actions is whether GrabAds and the Publishers committed fraud when they rendered services to Wellness." (*Id.* at 6–7.) Specifically, GrabAds contends that "if Wellness fails to prove fraud in the arbitration, it will be precluded from prosecuting this lawsuit against the John Doe Defendants" pursuant to the doctrine of collateral estoppel. (*Id.* at 7.)

This contention is also without merit. To the extent GrabAds argues that the potential preclusive effect of the arbitration on Plaintiff's claims against the John Doe Defendants should form the basis to quash the subpoena, the court finds this argument to be misplaced and based on speculation. First, GrabAds has not cited authority to support its contention that a possible future arbitration ruling has collateral estoppel effects. Second, as discussed above, this matter cannot proceed without the identity of the John Doe Defendants. *See Media Malibu, LLC*, 2012 WL 3940142, at *6 (noting that plaintiff had no other means to discover the identities absent serving a non-party subpoena on those who possessed the essential information needed to prosecute the case). Indeed, the John Doe Defendants are not parties to the arbitration

8

>agreement, have not yet agreed to be part of the arbitration, and are facing additional claims that are not present in the arbitration.

Dkt. No. 22 at 6-8. Judge Sneed's analysis was exactly right.

The cases cited in GrabAds' Objections are also all easily distinguishable. Most importantly, all of the cases where a court stayed an action involved a **party** to an action moving to stay the action in favor of arbitration. *See* Dkt No. 23 at 2-4; *Variable Annuity Life Ins. Co. v. Laferrera*, 680 Fed. Appx. 880, 881-82 (11th Cir. 2017) ("Defendants-Appellants Brett Laferrera and Jessica Laferrera (the 'Laferreras') and Crimson Capital Group LLC ('CCG') … appeal the denial of their motion to compel arbitration and stay proceedings"); *Quash Seltzer, LLC v. PepsiCo, Inc.*, 2021 WL 1963639, at *1 (S.D. Fla. May 17, 2021) ("before the Court upon Defendant PepsiCo, Inc.'s Motion to Stay …"). By contrast, GrabAds is not a party to this action. Likewise, GrabAds is wrong on its collateral estoppel argument. As Judge Sneed correctly noted, "GrabAds has not cited authority to support its contention that a possible future arbitration ruling has collateral estoppel effects." Dkt. No. 22 at 8. For its collateral estoppel argument then and again now, GrabAds' Objections relies on the same case involving an arbitration that was **already** decided. Dkt. No. 23 at 4-5 (citing *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352 (11th Cir. 1985)). This is not the situation here.

Finally, Judge Sneed did not fail to weigh the immediate need for the requested discovery against a stay. Dkt. No. 23 at 6-10. It is GrabAds that fails to weigh the harm to Wellness if GrabAds continues to withhold information. As Judge Sneed

9

properly found, Wellness cannot name and serve the John Doe Defendants without knowing who they are and Wellness thus demonstrated a substantial need for the John Doe Defendants' identities to pursue its claims against them. Dkt. No. 22 at 6-8. GrabAds can establish no error and certainly no clear error.

### E. This Court Should Consider Holding Non-Party GrabAds In Contempt.

Rule 45(g) provides that the Court "may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Here, GrabAds has failed to obey both a subpoena and Judge Sneed's May 5, 2023 Order without adequate excuse. Its Objections did not operate to stay its obligation to comply with the Court's Order. *TemPay, Inc.*, 929 F. Supp. 2d at 1260. Nor is there any adequate excuse for non-compliance since its Objections rest on the baseless premise that Judge Sneed should have granted a motion to stay the action that was not even made and that GrabAds has no standing to make in any event. *Cribb*, 2017 WL 10574071, at *2. There would be no consequence for non-compliance if GrabAds were merely ordered to now comply. In addition to ordering immediate compliance with Judge Sneed's May 5, 2023 Order, this Court should consider holding that GrabAds has been in contempt and ordering that GrabAds pay a fine into the Court's registry to purge the contempt.

## IV. CONCLUSION

For the foregoing reasons, the Court should overrule GrabAds' Objections to Judge Sneed's May 5, 2023 Order.

Dated: June 2, 2023          Respectfully Submitted:

/s/ *Clair E. Wischusen*
Robert K. Tucker II
Florida Bar No. 51641
**GORDON REES SCULLY MANSUKHANI LLP**
100 S. Ashley Drive, Suite 1290
Tampa, FL 33602
Tel: (813) 444-9700
Fax: (813) 337-3505
Email: rtucker@grsm.com

Damon W.D. Wright (*pro hac vice*)
**GORDON REES SCULLY MANSUKHANI LLP**
1101 King Street, Suite 520
Alexandria, VA 22314
Tel: (202) 399-1009
Fax: (202) 800-2000
Email: dwright@grsm.com

Clair E. Wischusen (*pro hac vice*)
**GORDON REES SCULLY MANSUKHANI LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Tel: (973) 549-2524
Fax: (973) 377-1911
Email: cwischusen@grsm.com

*Attorneys for Plaintiff,*
*Wellness Brands, LLC*

## **CERTIFICATE OF SERVICE**

I, the undersigned, HEREBY CERTIFY that on this 2nd day of June 2023, a true and correct copy of the foregoing has been filed with the Clerk of Court and furnished via CM/ECF to:

>Charles P. Mitchell, Esq.
>RUMBERG, KIRK & CALDWELL, P.A.
>Post Office Box 1873
>Orlando, FL 32802
>cmitchell@rumberger.com
>
>*Attorneys for Non-Party GrabAds Media, LLC*

>>*/s/ Clair E. Wischusen*
>>Clair E. Wischusen