**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WELLNESS BRANDS, LLC,

     Plaintiff,

v.                                                              Case No: 8:23-cv-543-CEH-JSS

JOHN DOE 1, JOHN DOE 2, JOHN
DOE 3, JOHN DOE 4 and JOHN DOE
5,

     Defendants.

_____

## ORDER

This matter is before the Court on the Non-Party GrabAds Media, LLC's Notice of Mootness of Objections to Magistrate's May 5, 2023 Order. Doc. 25. Because Non-Party GrabAds represents it has produced the information it was ordered to provide, its objection (Doc. 23) to the Magistrate Judge's Order will be overruled.

## DISCUSSION

In this action alleging claims of common law fraud, violation of the Florida Deceptive and Unfair Trade Practices Act, and for unfair competition under § 1125(a) of the Lanham Act, Plaintiff Wellness Brands, LLC, who is an e-retailer of CBD products, sues Defendants identified as John Does 1 through 5. Doc. 1. Non-party GrabAds is a performance marketing agency that promises to connect retailers like Wellness with buyers to generate leads and ultimately sales. Wellness entered into an agreement with GrabAds for GrabAds to use its "premium network" of affiliates to

advertise and promote Wellness' CBD products. The John Doe Defendants are alleged to be affiliates of GrabAds.

Through a non-party subpoena directed to GrabAds, Plaintiff sought to discover the identity of the John Does, prompting GrabAds to file the motion to quash. Doc. 12. In a May 5, 2023 Order, the Magistrate Judge denied GrabAds' motion to quash the subpoena served on it by Plaintiff, Wellness Brands, LLC. Doc. 22. The Magistrate Judge directed GrabAds to produce the responsive information related to Plaintiff's request within 14 days of the Order. *Id.* at 8. GrabAds filed an Objection (Doc. 23) to the Magistrate Judge's Order and Plaintiff filed a response in opposition (Doc. 24) to the objection.

On August 25, 2023, GradAds Media filed a notice (Doc. 25) indicating that its objection to the Magistrate Judge's Order is moot as it has now complied with the order and produced the requested information in the context of an arbitration governed by the American Arbitration Association ("AAA"). As GrabAds has produced the information ordered to be produced by the Magistrate Judge, its objection to the Magistrate Judge's order is due to be overruled.

In its Notice of Mootness, GrabAds indicates that although its objection to producing the documents is moot, it maintains that the Court should stay this case pending the outcome of the arbitration. GrabAds is not a party to this case and there has been no motion filed by any party requesting a stay of the case. Thus, the Court declines to stay the case. As a practical matter, this request may be moot also, as

GradAds has indicated that Plaintiff and GrabAds were scheduled for a final hearing in the AAA arbitration on September 12, 2023. Accordingly, it is hereby

**ORDERED**:

1.      Non-party GrabAds Media, LLC's objection (Doc. 23) to the Magistrate Judge's May 5, 2023 Order (Doc. 22) is **OVERRULED**.

2.      Within **seven (7) days** of this Order, Plaintiff shall file a status report advising if the AAA arbitration it participated in with GrabAds resolved any of its claims in this action.

3.      If all claims have been resolved, Plaintiff shall file a notice of voluntary dismissal of this action within **fourteen (14) days**.

4.      If any of Plaintiff's claims remain, within **fourteen (14) days**, Plaintiff shall file an Amended Complaint that identifies by name the John Doe Defendant(s),[1] and Plaintiff shall promptly serve the named Defendant(s).

**DONE** and **ORDERED** in Tampa, Florida on February 9, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Non-party GrabAds

---

[1] Fictitious party pleading is generally not permitted in federal court. Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties."